IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M & H ENTERPRISES, INC<br>   d/b/a<br>MARTIN-HARRIS CONSTRUCTION<br>COMPANY,<br>   3030 South Highland Drive<br>   Las Vegas, Nevada 89109<br><br>      Plaintiff<br><br>vs.<br><br>UNITED STATES DEPARTMENT<br>OF THE ARMY,<br><br>**Serve:**<br><br>   Civil Process Clerk<br>   Office of the United States Attorney for the<br>   District of Columbia<br>   555 Fourth Street, NW<br>   Washington, DC  20530,<br><br>   Eric Holder<br>   Attorney General of the United States<br>   950 Pennsylvania Ave., NW<br>   Washington, DC  20530<br><br>   United States Department of the Army<br>   C/O General Counsel of the Army<br>   104 Army Pentagon<br>   Washington, DC  20310-0104<br><br>      Defendant. | Case No.  _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**
(Freedom of Information Act)

For its complaint against the United States Department of the Army ("Army"), Plaintiff alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to enjoin the Army from improperly withholding agency records and to order the production of all improperly withheld agency records.

2. The records at issue relate to the award and administration of Contract No. W9126G-10-C-0021 (the "Contract"). The records are responsive to a FOIA request that Plaintiff submitted to the United States Army Corps of Engineers, a component of the Army, on August 10, 2012 (the "FOIA Request").

## Parties

3. Plaintiff, M & H Enterprises, Inc. d/b/a Martin-Harris Construction Company ("MHC") is incorporated under the laws of the State of Nevada and maintains its principal place of business at 3030 South Highland Drive, Las Vegas, Nevada 89109.

4. Defendant, Army, is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).

## Jurisdiction and Venue

5. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. MHC has exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

7. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## Background

8. On August 10, 2012, MHC submitted the FOIA Request to the United States Army Corps of Engineers ("USACE"), a component of the Army, seeking records related to the

award and administration of the Contract. A true and correct copy of the FOIA Request is attached as Exhibit 1.

9. The USACE – Ft. Worth District FOIA office received the FOIA request on August 13, 2012. A true and correct copy of the corresponding return receipt is included as Exhibit 2.

10. MHC submitted additional FOIA requests to other components within the USACE and the Army; these additional FOIA requests were referred back to the USACE – Ft. Worth District FOIA Office and, therefore, were effectively merged into the FOIA Request.

11. Between October 24, 2012 and February 13, 2013 MHC and the USACE FOIA Officer engaged in discussions regarding means of narrowing the focus of the FOIA Request.

12. On February 13, 2013, MHC notified the USACE FOIA Officer that MHC would narrow the FOIA Request to emails and monthly meetings minutes/notes related to the award and administration of the Contract.

13. Between February 13 through September 10, 2013, the USACE engaged in a rolling production of responsive records.

14. The USACE produced approximately 14,200 pages of records plus six Excel spreadsheets.

15. The produced records were heavily redacted and appear to effectively redact all internal government communications and all Army and USACE personnel names and email addressed. Based upon the citations included in the redactions, the records were withheld under FOIA Exemptions 5, 6, and 7(C).

16. On September 10, 2013, the USACE FOIA Officer prepared a final determination stating that the USACE had withheld in total 352 records under FOIA Exemption 5 and

explained that the USACE had withheld by redaction a significant amount of information under FOIA Exemptions 5 and 6.

17. The USACE's final determination did not identify that any records were withheld by redaction under FOIA Exemption 7(C), notwithstanding the fact that the records produced included redactions that identified Exemption 7(C) as the basis for the redaction.

18. On October 9, 2013, MHC timely submitted an administrative appeal (the "FOIA Appeal") pursuant to Army regulations challenging the Army's assertions in the final determination letter.

19. The FOIA Appeal was received by the USACE FOIA Officer and the Army's FOIA Appeal Officer on October 10, 2013. True and correct copies of the FedEx confirmations of receipt is attached as Exhibit 3.

20. The FOIA Appeal set forth MHC's legal and factual basis for its entitlement to the withheld records. A true and correct copy of the FOIA Appeal is attached as Exhibit 4.

21. The Army has not made a determination on the FOIA Appeal within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(ii).[1]

## COUNT I - FAILURE TO COMPLY WITH FOIA

22. MHC incorporates each of the foregoing paragraphs of this Complaint.

23. Pursuant to FOIA, 5 U.S.C. § 552(a), MHC has a statutory right to access the requested agency records.

---

[1] When the FOIA Appeal was received on October 10, 2013, the U.S. Government was "shut down" due to a lapse in appropriations. For purposes of assessing the Army's compliance with the 20-day period provided for under 5 U.S.C. § 552(a)(6)(A)(ii), MHC has considered October 17, 2013 – the date normal U.S. Government operations resumed – as the first working day of the 20-day period.

24. The Army is only permitted to withhold records from release if it demonstrates that the records are subject to one or more FOIA exemptions.

25. The Army has redacted all Army or USACE personnel names and email addresses from any internal communications.

26. Based upon information and belief, the Army or USACE personnel whose personally identifiable information has been redacted are not in routinely deployable military units.

27. The release of Army or USACE personnel names and government email addresses does not constitute an unwarranted invasion of privacy.

28. The Army has redacted all internal communications between Government personnel.

29. Based upon information and belief, the redacted records identify factual information or reflect the implementation of government policy.

30. Based upon information and belief, the redacted records do not constitute policy advice from subordinate personnel to their superiors.

31. The Army failed to release segregable materials not subject to the cited FOIA exemptions.

32. The Army's refusal to release any exempt material on a discretionary basis was arbitrary and capricious.

33. The Army has improperly withheld agency records responsive to MHC's FOIA Request.

**Prayer for Relief**

WHEREFORE, MHC respectfully requests that this Court enter a judgment for MHC and award the following relief:

a.  Enjoin the Army from withholding the requested records and order the Army to produce those records to MHC in accordance with FOIA, 5 U.S.C. § 552;

b.  Expedite the proceedings in this action;

c.  Award MHC its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

d.  Award MHC such other and further relief as the Court may deem just and proper.

Respectfully submitted,

November 15, 2013.

/s/ Daniel L. Russell
Daniel L. Russell (Bar No. 491655)
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, DC 20006-1108
Tel: (202) 496-7424
Fax: (202) 496-7756
drussell@mckennalong.com

Attorneys for Plaintiff,
Martin Harris Construction Company

DN 32257385.1